■ MONTEE PUBLISHING COMPANY, INC., Appellant, v. JACK COHEN, Respondent.— Order, Supreme Court, New York County entered August 5, 1971, affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal. It is directed that, in the exercise of discretion and the interests of justice, plaintiff shall be granted a preference upon the filing of a proper note of issue and the payment of the necessary fees. In order to replevy its property plaintiff was required to, and did, deliver to the sheriff, *inter alia,* an undertaking in an amount twice the value it itself fixed as the value of its chattels. Although the issue of who is entitled to possession of these chattels still remains unresolved, the dissent would have us release the undertaking. While there is authority for permitting a defendant to move to increase the amount of the undertaking where he believes the chattels were undervalued (*L. & Y. Food Prods. Corp. v. Delmonte Ice Cream Co.,* 109 N. Y. S. 2d 522), we find no statutory or case sanction for permitting a plaintiff to reduce or eliminate such undertaking. Moreover, to permit such relief would undermine the entire statutory scheme underlying actions to recover possession of chattels. (CPLR 7101 *et seq.*) The plaintiff in the exercise of discretion and the interest of justice shall be granted a preference upon the

filing of a proper note of issue and the payment of the necessary fees. Concur — Markewich, J. P., Nunez, Murphy and Eager, JJ.; Kupferman, J., dissents in part in the following memorandum: The plaintiff is a corporation publishing periodicals and newspapers in the field of racing and sports. It is contended that Gateway Farms, Inc. is the sole stockholder, of which Roy Kennedy is President. He also serves as chairman of the board of plaintiff corporation. The defendant was president of the plaintiff corporation and a member of its board of directors. At a meeting of the board of directors in 1970, it was seemingly determined that for various reasons the plaintiff's property should not be moved from Baltimore, Maryland. Despite this, the defendant had the material moved to his own place of business in Great Neck, Long Island. Kennedy and the other directors involved thereupon voted for the dismissal of the defendant and instituted a replevin action, furnishing an undertaking, and returned the chattels to Baltimore. Defendant contends that the removal to New York was within his authority as President, that his act was authorized by the board, and further that he is a 50% stockholder of the plaintiff. Plaintiff's motion for partial summary judgment seeking, among other things, a release of the undertaking, was denied at Special Term. I would grant partial summary judgment solely with respect to the release of the undertaking, because there is no dispute that the chattels belong to the plaintiff corporation. The various points raised by the defendant and the issues to be determined, have to do with rights with respect to the corporation and its actions, but there is not the least contention that the chattels do not belong to the plaintiff corporation, and to require that premiums continue to be paid on a replevin undertaking is a sheer abuse of discretion. However, in view of the grant of a preference contained in the opinion of this court, the vice in the determination is obviated and the matter becomes academic.